B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>R. Sam Hopkins, Trustee | **DEFENDANTS**<br>308-310 E Deshler, LLC, and<br>Lagunita Holdings, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Spinner, Wood & Smith, PO Box 6009, Pocatello, ID 83205<br>(208)232-4471 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid Fraudulent Transfers.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Paula Lynne Ziegler | BANKRUPTCY CASE NO.<br>20-40042-JMM |||
| DISTRICT IN WHICH CASE IS PENDING<br>Idaho | DIVISION OFFICE<br>Pocatello || NAME OF JUDGE<br>Joseph M. Meier |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Thomas D. Smith ||||
| DATE<br><br>March 27, 2020 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Thomas D. Smith, Esq. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho 83205-6009
Telephone: (208) 232-4471
FAX: (208) 232-1808
Email: tsmith8206@cableone.net

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In the Matter of: | ) | Case No. 20-40042-JMM |
|---|---|---|
| PAULA LYNNE ZIEGLER, | ) | Chapter 7 |
| Debtor. | ) | |
| R. SAM HOPKINS, Trustee | ) | Adversary Case No. _____ |
| Plaintiff, | ) | |
| vs. | ) | |
| 308-310 E DESHLER, LLC, an Ohio Limited Liability Company, and LAGUNITA HOLDINGS, LLC, a Nevada Limited Liability Company, | ) | |
| Defendants. | ) | |

# COMPLAINT

COMES NOW the Plaintiff, R. Sam Hopkins, Trustee, by and through his attorneys, for a claim of relief and alleges as follows:

COMPLAINT - 1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 USC §§ 157 and 1334, and pursuant to the rules of this Court and the United States District Court for the District of Idaho.

2. Venue is proper pursuant to 28 USC § 1409(a).

3. This is a core proceeding pursuant to 28 USC § 157(b)(2)(H).

4. On January 14, 2020, the Debtor, Paula Lynn Ziegler, filed a petition to initiate a Chapter 7 bankruptcy proceeding, Case No. 20-40022-JMM. This action arises under Title 11 of the United States Code, and arises out of and is related to the pending bankruptcy proceeding.

5. The Plaintiff is the Trustee of the Debtor's bankruptcy estate.

6. Defendant 308-310 E Deshler, LLC ("Deshler") is an Ohio Limited Liability Company.

7. Defendant Lagunita Holdings, LLC ("Lagunita") is a Nevada Limited Liability Company.

8. The Plaintiff consents to the Court's jurisdiction to decide this matter.

9. The Plaintiff has been required to retain counsel to pursue this action and is incurring reasonable costs and attorneys' fees.

## FACTS COMMON TO ALL COUNTS

10. On April 22, 2018, Lagunita was created through the Nevada Secretary of State's Office. The Debtor's son, Roy Anthony Ziegler II ("Ziegler"), is the manager of Lagunita.

11. On July 23, 2019, James Scott Morrow, Danielle Morrow, and Morrow Ranch La Quinta, LLC (collectively "Morrows") filed a complaint against several defendants, including the Debtor, in the Superior Court for Riverside County, California, Case No. PSC1905078.

COMPLAINT - 2

12. The Debtor's Schedule E/F lists the value of the Morrows' lawsuit at $2,000,000.

13. On September 18, 2019, the Morrows' complaint was personally served on the Debtor.

14. On November 1, 2019, Ziegler and his fiancée, Shantelle Sheree Cardella ("Cardella"), created Deshler through the Ohio Secretary of State's Office. Cardella is the registered agent for Deshler.

15. On November 12, 2019, the Debtor transferred $475,000 from her individual checking account at JP Morgan Chase Bank, N.A., account number ending in 6250 ("Chase account") to Lagunita. The Debtor testified during her meeting of creditors on March 11, 2020, that the purpose of the transfer was so Ziegler could purchase a home in Ohio. The Debtor's amended Statement of Financial Affairs ("SOFA") also indicates the transfer was a gift.

16. On November 13, 2019, GTF, LLC, an Ohio limited liability company, executed a General Warranty Deed to transfer real property located at 308-310 E. Deshler Avenue in Columbus, Ohio, to Deshler. The real property is described fully as:

> **BEING LOT NUMBER FORTY-SEVEN (47) OF CHRISTIAN AND LOUIS SIEBERTS CITY PARK SUBDIVISION OF OUT-LOTS 2,3,12,13,14, AND IN LOTS 114 AND 115 OF DESHLERS AND THURMANS ADDITION TO THE CITY OF COLUMBUS AS THE SAME IS NUMBERED AND DELINEATED UPON THE RECORDED PLAT THEREOF, OF RECORD IN PLAT BOOK 4 PAGE 288, RECORDERS OFFICE, FRANKLIN COUNTY, OHIO.**

17. The General Warranty Deed was recorded in the Franklin County, Ohio Recorder's Office on November 15, 2019, as Instrument No. 201911150152145. A copy of the General Warranty Deed is attached as Exhibit A.

18. According to the Franklin County Auditor's Office, the consideration given for the transfer of the Deshler Avenue property to Deshler was $465,000. A copy of the Franklin County property profile for the Deshler Avenue property is attached as Exhibit B.

COMPLAINT - 3

19. On January 6, 2020, eight days before the Debtor filed her bankruptcy petition, the Debtor withdrew $60,000 from her Chase account and subsequently transferred it to Deshler. The Debtor testified during her meeting of creditors on March 11, 2020, that the purpose of the transfer was so Ziegler could fix his home in Ohio. The Debtor's amended SOFA also indicates the transfer was a gift.

20. The Debtor's SOFA indicates she transferred the $60,000 to Deshler on January 14, 2020, which is the same day that she filed her bankruptcy petition.

21. The Debtor's summary of assets and liabilities indicates the total value of her assets on January 14, 2020, was $358,539 and the amount of her liabilities was $2,012,273.

## COUNT ONE – AVOIDANCE OF THE $475,000 TRANSFER

22. Paragraphs 1 through 21 are incorporated as if set forth fully in this Count.

23. The Debtor had an interest in the $475,000 when she transferred it to Lagunita.

24. The Debtor transferred the $475,000 to Lagunita with the actual intent to hinder, delay, or defraud her creditors to which she was or became indebted on or after the transfer. Several badges of fraud listed in Idaho Code § 55-913(2) are present including, but not limited to:

    a. Lagunita is a statutory and/or non-statutory insider of the Debtor because Ziegler, Lagunita's manger, is related to the Debtor;

    b. The Debtor was sued by the Morrows shortly before the transfer was made;

    c. The transfer was a majority of the Debtor's assets;

    d. The Debtor received no consideration for the transfer; and

    e. The Debtor was insolvent or became insolvent shortly after the transfer.

**COMPLAINT - 4**

25. The Trustee may avoid the transfer of the $475,000 to Lagunita as an actual fraudulent transfer under 11 U.S.C. § 548(a)(1).

26. The Debtor was insolvent or became insolvent shortly after the transfer of the $475,000.

27. The Debtor did not receive reasonably equivalent value in exchange for the transfer of the $475,000.

28. The Trustee may avoid the transfer of the $475,000 to Lagunita as a constructively fraudulent transfer under 11 U.S.C. § 548(a)(2).

29. The Court should enter a judgment avoiding the transfer of the $475,000 to Lagunita.

COUNT TWO – AVOIDANCE OF THE $60,000 TRANSFER

30. Paragraphs 1 through 29 are incorporated as if set forth fully in this Count.

31. The Debtor had an interest in the $60,000 when she transferred it to Deshler.

32. The Debtor transferred the $60,000 to Deshler with the actual intent to hinder, delay, or defraud her creditors to which she was or became indebted on or after the transfer. Several badges of fraud listed in Idaho Code § 55-913(2) are present including, but not limited to:

    a. Deshler is a statutory and/or non-statutory insider of the Debtor because Ziegler, Deshler's manger, is related to the Debtor;

    b. The Debtor was sued by the Morrows before the transfer was made;

    c. The Debtor received no consideration for the transfer; and

    d. The Debtor was insolvent or became insolvent shortly after the transfer.

**COMPLAINT - 5**

33. If the transfer of the $60,000 to Deshler occurred before the Debtor filed her bankruptcy petition, the Trustee can avoid the transfer as an actual fraudulent transfer under 11 U.S.C. § 548(a)(1).

34. The Debtor was insolvent or became insolvent shortly after the transfer of the $60,000.

35. The Debtor did not receive reasonably equivalent value in exchange for the transfer of the $60,000.

36. If the transfer of the $60,000 to Deshler occurred before the Debtor filed her bankruptcy petition, the Trustee can avoid the transfer as a constructively fraudulent transfer under 11 U.S.C. § 548(a)(2).

37. In the alternative, if the transfer of the $60,000 to Deshler occurred after the Debtor filed her bankruptcy petition, then it was a transfer of bankruptcy estate property that was not authorized by the Court or the Bankruptcy Code.

38. If the transfer of the $60,000 to Deshler occurred after the Debtor filed her bankruptcy petition, the Trustee can avoid the transfer as an unauthorized post-petition transfer of bankruptcy estate property under 11 U.S.C. § 549(a).

39. The Court should enter a judgment avoiding the transfer of the $60,000 to Deshler.

## COUNT THREE – RECOVERY OF THE $475,000 TRANSFER

40. Paragraphs 1 through 39 are incorporated as if set forth fully in this Count.

41. Lagunita is the initial transferee and Deshler is a subsequent transferee of the $475,000 from the Debtor.

42. The Trustee may recover the $475,000 from Lagunita pursuant to 11 U.S.C. § 550(a)(1) and from Deshler pursuant to 11 U.S.C. § 550(a)(2).

43. The Court should enter a judgment against Lagunita and Deshler, jointly and severally, for $475,000.

## COUNT FOUR – RECOVERY OF THE $60,000 TRANSFER

44. Paragraphs 1 through 43 are incorporated as if set forth fully in this Count.

45. Deshler is the initial transferee of the $60,000 from the Debtor.

46. The Trustee may recover the $60,000 from Deshler pursuant to 11 U.S.C. § 550(a)(1).

47. The Court should enter a judgment against Deshler for $60,000.

WHEREFORE, the Plaintiff prays for relief from the Court as follows:

1. A judgment avoiding the transfer of the $475,000 to Lagunita.

2. A judgment avoiding the transfer of the $60,000 to Deshler.

3. A judgment against Lagunita and Deshler, jointly and severably, for $475,000 to recover the avoided transfer.

4. A judgment against Deshler for $60,000 to recover the avoided transfer.

5. A judgment against either Defendant who contests this proceeding for the Plaintiff's court costs and reasonable attorneys' fees incurred in this proceeding. The Plaintiff does not intend to seek court costs and reasonable attorneys' fees from any Defendant who does not contest this proceeding.

6. For such other and further relief as to the Court seems just and equitable.

DATED March ___, 2020.

SPINNER, WOOD & SMITH

By:/s/_____
Thomas D. Smith

COMPLAINT - 7

# EXHIBIT A

# DO NOT DETACH



Instrument Number: 201911150152145
Recorded Date: 11/15/2019 9:57:17 AM



Daniel J. O'Connor Jr.
Franklin County Recorder
373 South High Street, 18th Floor
Columbus, OH 43215
(614) 525-3930
http://Recorder.FranklinCountyOhio.gov
Recorder@FranklinCountyOhio.gov

**Return To (Box):**
STEWART TITLE BOX

Box

**Transaction Number:** T20190072552
**Document Type:** DEED
**Document Page Count:** 1

**Submitted By (Walk-In):**
STEWART TITLE BOX

Walk-In

| | |
|---|---|
| **First Grantor:** GTF LLC | **First Grantee:** 308 310 E DESHLER LLC |

| Fees: | | Instrument Number: 201911150152145 |
|---|---|---|
| Document Recording Fee: | $34.00 | Recorded Date: 11/15/2019 9:57:17 AM |
| Total Fees: | $34.00 | |
| Amount Paid: | $34.00 | |
| Amount Due: | $0.00 | |

**OFFICIAL RECORDING COVER PAGE**

# DO NOT DETACH

THIS PAGE IS NOW PART OF THIS RECORDED DOCUMENT
NOTE: If the document data differs from this cover sheet, please first check the document on our website to ensure it has been corrected. The document data always supersedes the cover page.
If an error on the cover page appears on our website after review please let our office know.
COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.



25361
Conveyance
Mandatory: 465.00
Permissive: 930.00
MICHAEL STINZIANO
FRANKLIN COUNTY AUDITOR
File No.: 573205

TRANSFERRED

NOV 14 2019

MICHAEL STINZIANO
AUDITOR
FRANKLIN COUNTY, OHIO

# GENERAL WARRANTY DEED

GTF LLC, an Ohio limited liability company, and for valuable consideration paid, grants with general warranty covenants to 308-310 E Deshler LLC, an Ohio limited liability company,

whose tax mailing address is: 308 E. Deshler Ave., Columbus, OH 43206
the following Real Property:

Situated in the State of Ohio County of Franklin, and in the City of Columbus and bounded and described as follows:

Being Lot Number Forty-Seven (47) of CHRISTIAN AND LOUIS SIEBERT'S CITY PARK SUBDIVISION of Out-Lots 2, 3, 12, 13, 14, and in Lots 114 and 115 of DESHLERS AND THURMAN'S ADDITION to the City of Columbus as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 4 Page 288, Recorder's Office, Franklin County, Ohio.

Parcel Number: 010-003354-00

Property Address: 308-310 Deshler Avenue, Columbus, OH 43206

Prior Instrument Reference: Instrument No. 201902250021733, Instrument No. 201902210020191, Official Record 26033, Page J06, Official Record 1235, Page B12, Official Record 1976, Page 270, of the Franklin County, Ohio Records.

Excepting from said general warranty covenants, all legal highways, restrictions, and easements of record, and taxes and assessments from the date of the closing.

Executed this 13 day of November, 2019.

GTF LLC, an Ohio limited liability company
By: _____
Nicole F. Norman, Manager

State of Ohio
County of Franklin

This foregoing instrument was acknowledged before me this 13 day of November, 2019 by Nicole F. Norman as Manager of GTF LLC, an Ohio limited liability company.

Courtney K. Swint
Notary Public-State of Ohio
My Commission Expires
June 25, 2020

Notary Public
My Commission Expires: _____
This is an acknowledgment clause, no oath or affirmation was administered to the signer(s).

This instrument was prepared by:

Joe Budde, Attorney at Law
259 W Schrock Rd
Westerville, OH 43081

Stewart Title Box
173

# EXHIBIT B

**Franklin County Auditor - Michael Stinziano 010-003354-00**

| | | | | |
|---|---|---|---|---|
| **Owner Name** | 308-310 E DESHLER LLC | | **Prop. Class** | R - Residential |
| | | | **Land Use** | 520 - TWO-FAMILY DWLG ON PLATTED L( |
| | | | **Tax District** | 010 - CITY OF COLUMBUS |
| **Site Address** | 308 310 E DESHLER AV | | **Sch. District** | 2503 - COLUMBUS CSD |
| | | | **App Nbrhd** | 01603 |
| | | | **Tax Lein** | No |
| **LegalDescriptions** | 308-310 DESHLER AVE SIEBERTS CITY PARK LOT 47 | | **CAUV Property** | No |
| | | | **Owner Occ. Credit** | 2019: No 2020: No |
| | | | **Homestead Credit** | 2019: No 2020: No |
| | | | **Rental Registration** | No |
| **Owner Address** | 308 E DESHLER AVE COLS OH 43206 | | **Board of Revision** | No |
| | | | **Zip Code** | 43206 |
| | | | **Annual Taxes** | 6,193.90 |
| **Transfer Date** | 11/14/2019 | | **Taxes Paid** | .00 |
| **Transfer Price** | 465,000.00 | | **Calculated Acreage** | .15 |
| **Instrument Type** | GW | | **Legal Acreage** | .00 |

| | Current Market Value | | | Taxable Value | | |
|---|---|---|---|---|---|---|
| | Land | Improv | Total | Land | Improv | Total |
| **Base** | $121,800 | $162,800 | $284,600 | $42,630 | $56,980 | $99,610 |
| **TIF** | $0 | $0 | $0 | $0 | $0 | $0 |
| **Exempt** | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total** | $121,800 | $162,800 | $284,600 | $42,630 | $56,980 | $99,610 |
| **CAUV** | $0 | | | | | |

### Building Data

| | | | |
|---|---|---|---|
| **Year Built** | 1900 | **Full Baths** | 2 |
| **Finished Area** | 3200 | **Half Bath** | 2 |
| **Rooms** | 12 | **Heat/AC** | 1 |
| **Bedrms** | 6 | **Wood Fire** | / |
| **Dining Rooms** | 2 | **Stories** | 2 |

### Sketch Legend

0 2s BR/B 1600 Sq. Ft.
1 OP - 13:OPEN FRAME PORCH 256 Sq. Ft.
2 OP - 13:OPEN FRAME PORCH 55 Sq. Ft.
3 OP - 13:OPEN FRAME PORCH 55 Sq. Ft.
4 BRP - 42:BRICK PATIO 300 Sq. Ft.
5 BRP - 42:BRICK PATIO 80 Sq. Ft.



010-003354  03/15/2017



Disclaimer: The information on this web site is prepared from the real property inventory maintained by the Franklin County Auditor's Office. Users of this data are notified that the primary information source should be consulted for verification of the information contained on this site. The county and vendors assume no legal responsibilities for the information contained on this site. Please notify the Franklin County Auditor's Real Estate Division of any discrepancies.